# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-3059
Lower Tribunal No. 12-10714
_____

**Jose de Jesus and Zelene de Jesus,**
Appellants,

vs.

**HSBC Bank USA, N.A., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Thomas F. Rieger, for appellants.

Quintairos, Prieto, Wood & Boyer and Franklin G. Cosmen, Jr. and Lars O. Bodnieks and Michael J. Barker, for appellee.

Before ROTHENBERG, EMAS and SCALES, JJ.

PER CURIAM.

Appellants Jose and Zelene de Jesus appeal from the trial court's order denying rehearing and seek review of that order as well as the original order denying Appellants' motion to vacate final judgment.

Following a non-jury trial, a final judgment was entered in favor of HSBC Bank USA on April 4, 2014. Appellants did not appeal that final judgment. Instead, 59 days later, Appellants filed a motion to vacate the final judgment. Following a hearing, the trial court, on June 26, 2014, denied the motion to vacate the final judgment. Appellants did not immediately appeal that order. Instead, on August 26, 2014, more than 60 days after rendition of the order denying the motion to vacate, Appellants filed a motion for rehearing. This motion for rehearing was untimely. See Fla. R. Civ. P. 1.530(b) (providing that a motion for rehearing must be served not later than 15 days after the date of the filing of the judgment in a non-jury action). Therefore, that motion did not stay rendition of the order denying the motion to vacate. See Fla. R. App. P. 9.020(i) (providing that rendition is tolled by the filing of an authorized and timely motion for rehearing). See also Reid v. Cooper, 955 So. 2d 31 (Fla. 3d DCA 2007) (the filing of an untimely motion for rehearing does not toll rendition of the original order); Dominguez v. Barakat, 609 So. 2d 664 (Fla. 3d DCA 1992) (same). In point of fact, by the time Appellants filed their motion for rehearing, the time had already expired for filing a notice of appeal of the order denying the motion to vacate. See

Fla. R. App. P. 9.110(b) (providing that the jurisdiction of this court to review a final order of a lower tribunal shall be invoked by filing a notice of appeal within 30 days of rendition of the order to be reviewed).

The trial court denied the motion for rehearing on November 20, 2014, and Appellants have appealed the order denying rehearing. However, Appellants' brief focuses its arguments almost entirely on attacking the underlying final judgment and the subsequent order denying the motion to vacate that final judgment. We have no jurisdiction to review those orders because, as described earlier, Appellants failed to appeal the final judgment and failed to timely appeal the order denying the motion to vacate.

We find no merit in Appellants' contentions that the trial court lacked subject matter jurisdiction or that the trial court erred in denying their motion for rehearing. We affirm the order denying rehearing, and dismiss the remaining portion of the appeal that seeks review of the final judgment and the order denying the motion to vacate, as this court is without jurisdiction to review same.

Affirmed in part, dismissed in part.